**DALLAS CONSOL. ELECTRIC ST. RY. CO. v. CARROLL.**

(Court of Civil Appeals of Texas. Dallas. Jan. 4, 1913. Rehearing Denied Jan. 25, 1913.)

1. DAMAGES (§ 191*)—PERSONAL INJURIES—NURSE BILLS—EVIDENCE.

In an action for personal injuries, evidence as to the reasonableness and amount of expenses for nursing *held* sufficient to warrant recovery therefor.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 504, 510; Dec. Dig. § 191.*]

2. TRIAL (§ 260*)—REQUESTED INSTRUCTIONS —REFUSAL.

In an action by one injured while boarding a street car, a requested instruction that, if you find that plaintiff attempted to board a moving car and that a person of ordinary prudence would not have done so, you should find for defendant was sufficiently covered by an instruction that it was the duty of the plaintiff to exercise such care for his own safety as a person of ordinary prudence would under the same circumstances, and, if he did not use such care in boarding the car, you should find for the defendant, and its refusal was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Louis Carroll against the Dallas Consolidated Electric Street Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Spence, Knight, Baker & Harris, of Dallas, for appellant. W. T. Strange and Cockrell, Gray, Thomas & McBride, all of Dallas, for appellee.

RAINEY, C. J. The statement of the case taken from appellant's brief is: "This suit was instituted by appellee in the Fourteenth judicial district court of Dallas county, Tex., on January 23, 1909, for damages on account of personal injuries alleged to have been sustained by appellee on December 8, 1908, while attempting to board one of appellant's cars at a point on McKinney avenue where said avenue is intersected by Caroline street; the appellee alleging, in substance, that he was a resident citizen of Dallas county, Tex., and that the defendant, Dallas Consolidated Electric Street Railway Company, Incorporated, was a common carrier for hire, having its domicile, principal office, and place of business in the county of Dallas, state of Texas; that on December 8, 1908, the appellee was desirous of becoming a passenger upon one of the cars of appellant and signaled said car to stop; that the motorman immediately checked the speed of the car and stopped it or brought it to almost a complete stop by the time it reached the place where appellee was, whereupon appellee, in the exercise of due caution, started to board said car and caught hold thereon for the purpose of pulling himself up when, without any warning whatever to him, said car gave a sudden lurch or jerk forward and threw him violently to the ground on the hard paved street, and seriously crippled, injured, and bruised him on his shoulder, wrist, and knees. The defendant answered by general demurrer, general denial, and the following affirmative plea: 'For further answer herein, if further answer be necessary, defendant says that if plaintiff was injured in any particular alleged by him, that when he attempted to board one of the defendant's cars while

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the same was in motion, and that the manner and circumstances under which he so attempted to board same constituted negligence on his part, and that such negligence caused and contributed to cause any accident complained of herein.'" A trial resulted in a verdict and judgment for plaintiff for $750, from which this appeal is taken by the railway company. The allegations of the petition were sustained by the evidence and warranted the verdict and judgment, and appellant raises no question as to the sufficiency of the evidence.

[1] The first error assigned is: "The court erred in the paragraph of his charge to the jury upon the measure of plaintiff's recovery in permitting a recovery for nurse bills incurred by plaintiff, in the absence of proof as to the amount and reasonableness of the nurse bills incurred by the plaintiff." Plaintiff testified that "I had a nurse while I was in bed. I had a negro woman named Marietta is all I can think of now. She attended me about a month or six weeks, I don't remember. She was a professional nurse. She was a good one. It might have been about a month. I believe it was that I had her. I can't give those things exactly—can't remember exactly. She filled out the doctor's instructions and bathed and poulticed my leg and gave me medicine. She was there day and night. My wife was assisting me also. I knew of this nurse waiting on other white people. I paid her $20 a week, but I don't remember now just exactly what I paid her in all. I don't remember exactly how long she was there, but I paid her at the rate of $20 per week for what time she served. I suppose it was reasonable; I think it was. If I didn't think so, I would have objected to paying it."

Dr. C. H. Sherman, witness for plaintiff, testified: "When he developed this high fever I kept a nurse with him constantly. * * * She was a negro, and her given name was Marietta. She was a professional nurse. I have used her since then, but I do not think I ever used her prior to this case. She was a good nurse. Her duties were to follow the instructions that I gave. * * * I think we had this nurse there several weeks, I would judge about three weeks; it may have been longer; I would not say how much longer. I would consider that Mr. Carroll was getting her cheap if he didn't pay her any more than $20 per week. It takes them three years to go through school, after which they work for their experience, and the customary price for it would have been $25 for a trained nurse." This evidence was not only sufficient to sustain the charge, but was such as to require the giving of such a charge. Therefore the court committed no error in this respect.

[2] The second error assigned is that "the court erred in refusing the defendant's special requested charge No. 4, as follows: 'If you should find and believe from the evidence herein that the plaintiff, upon the occasion of the accident complained of, attempted to board one of defendant's moving cars, and that a person of ordinary prudence would not have so attempted to board a moving car under the same or similar circumstances, then in that event you are instructed that such act would constitute contributory negligence on the part of plaintiff that would prevent any recovery by him herein, and, in the event you so find and believe, you will return your verdict for the defendant, and this regardless of your finding upon any other issue submitted to you herein'—for the reason that said charge grouped the facts upon an issue of contributory negligence alleged and proven by the defendant, and was a statement of a correct proposition of law directly applicable to facts alleged and proven; the court nowhere having grouped the facts upon the issue of plaintiff's attempt, if he did attempt, to board one of the defendant's moving cars, and the court nowhere having directly applied the law to the facts on the charge of negligence made against the plaintiff by the defendant, and for the further reason that said special requested charge was a direct and specific application of the law to the very facts alleged and proven by the defendant."

The court charged the jury that "it was the duty of the plaintiff, upon such occasion, to exercise such care for his own safety as would have been exercised by a person of ordinary prudence under the same or similar circumstances, and the failure, if any, to exercise such care is contributory negligence. If you fail to find that plaintiff undertook to become a passenger upon defendant's car as alleged, or if you find and believe from the evidence that the plaintiff in becoming, or attempting to become, a passenger upon defendant's car, if he did, as alleged, failed to exercise such care for his own safety as would have been exercised by a person of ordinary prudence under the same or similar circumstances, and that such failure, if any, caused or contributed to cause him to be injured, then you will find for the defendant."

Under the facts as adduced, we think the court's charge on contributory negligence was sufficient. There is no appreciable difference between the court's charge and the special charge requested; at least not such difference as to have misled the jury or in any way affected their verdict, and the assignment is overruled.

The foregoing two assignments are all presented by the appellant, and, finding no reversible error, the judgment is affirmed.